The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TICOR TITLE COMPANY, *et al.*,
Plaintiffs,

v.

KIAVI FUNDING, INC.,
Defendant

NO. 22-cv-832

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiffs commenced this lawsuit to seek a declaration from the Court that they owe no duty to defend and indemnify the Defendant under a title insurance policy. Currently pending before the Court are Defendant's Motion for Summary Judgment and Plaintiffs' Motion for Summary Judgment. ECF Nos. 12, 16. Having reviewed the motions, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court will DENY Defendant's motion and GRANT Plaintiffs' motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

The parties do not dispute the underlying facts of this case. *See* Def.'s Mot. 2-5, ECF No. 12; Pls.' Mot. 2-8, ECF No. 16. Kiavi Funding, Inc. ("Kiavi"), previously known as LendingHome, held the Deed of Trust on a property in Everett, Washington owned by a real estate developer, Tang

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

- 1

Real Estate Investments, Inc. ("Tang").  In the fall of 2021, Kiavi agreed to refinance Tang's loan. Tang selected Escrow Services of Washington LLC ("ESW"), owned by Lynn Rivera, to provide closing and escrow services on the refinance.   Kiavi gave Rivera the discretion to choose the title insurer and stated its requirement for a preliminary title commitment[1] and a Closing Protection Letter ("CPL").  On September 3, 2021, Rivera obtained a preliminary title commitment and CPL in favor of Kiavi from Ticor Title Company ("Ticor"), as agent for Commonwealth Land Title Insurance Company ("Commonwealth").

On September 13, 2021, Ticor's Sub-Escrow Department sent wiring instructions to Rivera. On September 17, 2021, Rivera issued a "Borrower's Estimated Settlement Statement," which included charges for the title policy and sub-escrow with Ticor, and which were to be paid to Ticor at closing from the total loan amount. Rivera provided the preliminary title commitment, the CPL, and Ticor's wiring instructions to Kiavi.  The loan transaction closed on October 22, 2021, and the Deed of Trust from Tang to Kiavi was recorded.  Rivera then instructed Kiavi to send the loan funds to ESW rather than Ticor.  Kiavi questioned the change, asked for confirmation, and asked for a modified CPL, which it did not receive.

Kiavi paid the loan funds and the sum of $931.06 for the title insurance policy by wire transfer to ESW's bank as instructed by Rivera.  Although it addressed the wire to "Ticor Title Company, attn: Lynn Rivera," the funds were not wired to Ticor's bank account as Ticor had instructed.   Rivera did not forward the funds to Ticor's sub-escrow account and did not forward

---

[1] "[A] preliminary commitment is a statement submitted to the potential insured establishing the terms and conditions upon which the title insurer is willing to issue a title policy." *Barstad v. Stewart Title Guar. Co., Inc.*, 145 Wn.2d 528, 536, 39 P.3d 984, 988 (2002) (citing RCW 48.29.010(3)(c))."

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

- 2

payment for the title insurance premium to Ticor or Commonwealth. The title insurance policy was issued but not sent to Kiavi.

Months later, on March 4, 2022, Kiavi learned that Rivera had absconded with the money that Kiavi had wired to ESW in October 2021. On March 10, 2022, Kiavi contacted Rivera for a copy of the title insurance policy and was advised to request the policy from Ticor. On March 11, 2022, Ticor provided a copy of the policy to Kiavi upon request, and on March 14, 2022, Kiavi submitted a title claim on the policy through Ticor. Tang initiated a lawsuit ("Tang Lawsuit") in King County Superior Court against ESW, Rivera, and Kiavi.[2] Kiavi requested indemnity and defense coverage determinations from Commonwealth.

Commonwealth denied Kiavi's claim on June 8, 2022, for failure of consideration because it had never received payment for the policy. Commonwealth also communicated to Kiavi that even if coverage existed, the Tang Lawsuit did not state a claim that would trigger coverage, and the CPL provided protection only as to Ticor as the settlement agent. Commonwealth and Ticor filed this action on June 14, 2022, seeking a declaration that their denial of coverage is proper. Both parties have moved for summary judgment in their favor.

### III. STANDARD OF REVIEW

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162

---

[2] Kiavi was added as a defendant in the First Amended Complaint on April 22, 2022. Kiavi's motion to dismiss was granted, and the case proceeded against ESW and Rivera. Tang has appealed the dismissal.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

- 3

(9th Cir. 2016)); Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of identifying portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020). "If the moving party meets this burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion." *Id.* If the evidence proffered by the opposing party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).  On cross-motions for summary judgment, the court must consider each motion separately to determine whether either party has met its burden with the facts construed in the light most favorable to the other. *See* Fed. R. Civ. P. 56; *see also Fair Housing Council v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (noting the court's responsibility to determine whether disputed issues of material fact are present).

### IV.  DISCUSSION

As a preliminary matter, the Court will consider what documents comprise the record on which it rules.  Defendant requested that the Court take judicial notice of five exhibits related to the Tang Lawsuit in the King County Superior Court.  Req. Judicial Not., ECF No. 15.  Defendant also moved to strike portions of Plaintiffs' evidence, specifically, portions of the declarations of David Littman (ECF No. 18) and Georgia Hallett (ECF No. 17).  Def.'s Mot. 15-16.

Under Federal Evidence Rule 201, a court can judicially notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). A court "must take

judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).  The requested documents from the Tang Lawsuit are proper subjects for judicial notice.  Since judicial notice of the existence of court records is routinely accepted, the requests for judicial notice are granted as to the existence of the records but not as to the truth of their contents. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking notice of court filings and other matters of public record);.*Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (noting that a court may take judicial notice of another court's opinion, but not of the truth of the facts recited therein).

Regarding Defendant's motion to strike various statements made in two of Plaintiffs' declarations, the Court does not rely on the statements made in those declarations and finds it unnecessary to rule on each objection.  The Court denies the motion to strike as moot and turns to the merits of the parties' arguments on summary judgment.

This is an unfortunate case in which a trusted third party caused a loss by misusing escrow funds.  Kiavi contends that Ticor and Commonwealth are obligated to defend and indemnify it under the title insurance policy; Ticor and Commonwealth assert that although the title insurance policy was issued, it is void because no payment was ever received for the policy premium, and the payment of the premium was a condition precedent to its obligations under the title insurance policy.  A condition precedent is a condition or event set out in a contract "occurring subsequent to the making of a valid contract which must exist or occur before there is a right to immediate performance." *Walter Implement, Inc. v. Focht*, 107 Wn.2d 553, 556-57, 730 P.2d 1340, 1342

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

- 5

(1987) (citing *Ross v. Harding*, 64 Wn.2d 231, 235, 391 P.2d 526, 530 (1964)). A condition precedent is contrasted with a promise, which "subjects the promisor to liability for damages, but does not necessarily discharge the other party's duty of performance . . . ." *Jones Assocs., Inc. v. Eastside Props., Inc.*, 41 Wn. App. 462, 466, 704 P.2d 681, 684 (1985). The nonoccurrence of a condition precedent "prevents the promisee from acquiring a right or deprives him of one but subjects him to no liability." *Id.* "Any words which express, when properly interpreted, the idea that the performance of a promise is dependent on some other event will create a condition." *Ross*, 64 Wn.2d at 237; s*ee also Northwood Est., LLC v. Lennar Nw., Inc.*, 12 Wn. App. 2d 1038 (2020) ("[W]ords such as 'provided that,' 'on condition,' 'when,' 'so that,' 'while,' 'as soon as,' and 'after' suggest a conditional intent, not a promise." (citation omitted)).

In its commitment to Kiavi, Ticor stated:

> THE COMPANY'S OBLIGATION UNDER THIS COMMITMENT IS TO ISSUE A POLICY TO A PROPOSED INSURED IDENTIFIED IN SCHEDULE A IN ACCORDANCE WITH THE TERMS AND PROVISIONS OF THIS COMMITMENT.
>
> . . . .
>
> Subject to the Notice; Schedule B, Part I-Requirements; Schedule B, Part II-Exceptions; and the Commitment Conditions, Commonwealth Land Title Insurance Company, a Florida corporation (the "Company"), commits to issue the Policy according to the terms and provisions of this Commitment. This Commitment is effective as of the Commitment Date shown in Schedule A for each Policy described in Schedule A, only when the Company has entered in Schedule A both the specified dollar amount as the Proposed Policy Amount and the name of the Proposed Insured.
>
> If all of the Schedule B, Part I-Requirements have not been met within one hundred eighty (180) days after the Commitment Date, this Commitment terminates and the Company's liability and obligation end.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

- 6

Preliminary Commitment 1, ECF No. 17-1. The commitment date was September 3, 2021, the proposed insured was LendingHome Funding Corporation (now Kiavi), and the premium was set at $731.06. *Id.* at 2. Under Schedule B, Part I Requirements, it states that "[a]ll of the following Requirements must be met." *Id.* at 4. The third listed requirement states: "Pay the premiums, fees, and charges for the Policy to the Company." *Id.*

Based on the plain language of the contract, payment of the premium is a condition precedent to Plaintiff's liability and obligations thereunder. The Court also finds Plaintiffs' cited New York title insurance case on point and persuasive. *See* Pls.' Mot. 9 (citing *GMAC Mortg. Corp. v. Weisman*, No. 95 CIV. 9869(JFK), 1998 WL 132791 (S.D.N.Y. Mar. 23, 1998)). In *GMAC*, the title insurer issued a title insurance policy to the lender at closing, but the check issued for payment of the premium was returned for insufficient funds because the escrow agent had allegedly forged the check. The court found that "payment of the premium was a condition precedent to liability," and the "failure to pay the title insurance premiums voided the policies because there was a complete failure of consideration." *GMAC*, 1998 WL 132791, at *9. Although, like here, the lender was a victim of the escrow agent's misconduct, which resulted in the title insurance premium remaining unpaid, the court granted summary judgment to the title insurance company. So too here. Kiavi's failure to pay the premium constitutes a failure to satisfy a condition precedent, and the title insurance policy is void.

Kiavi also contends that it has a valid claim under the CPL, which provides an independent basis for imposing contractual liability on Plaintiffs. Def.'s Mot. 12-14. The CPL, dated September 10, 2021, issued to LendingHome Funding Corporation (now Kiavi), states, in relevant part:

> [Commonwealth] agrees to indemnify You for actual loss of Funds incurred by You in connection with the closing of the referenced

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
- 7

> real estate transaction ["the Tang transaction"] conducted by the Settlement Agent or Approved Attorney on or after the Date of this letter, subject to the Requirements and Conditions and Exclusions set forth below:
>
> . . . .
>
> 4. Your loss is solely caused by:
>
> (a) a failure of the Settlement Agent or Approved Attorney to comply with Your written closing instructions . . . .; or
>
> (b) fraud, theft, dishonesty, or misappropriation by the Settlement Agent or Approved Attorney in handling Your Funds or documents in connection with the closing, . . . .
>
> CONDITIONS AND EXCLUSIONS
>
> 1. Your transmittal of Funds or documents to the Settlement Agent or Approved Attorney for the Real Estate Transaction constitutes Your acceptance of this letter.

CPL 2, ECF No. 17-2. The CPL clearly states that the Settlement Agent or Approved Attorney is Ticor Title Company. *Id.* Here, the loss was not solely caused by a failure of Ticor to comply with written closing instructions or by Ticor's mishandling of the funds, nor did Kiavi wire the funds to Ticor. Rather, Kiavi wired the funds to Rivera's bank in contravention of Ticor's wiring instruction, and Kiavi's loss was caused by Rivera's misappropriation of the funds. Plaintiffs have no liability to Kiavi under the CPL.

Under the facts and circumstances of this case, the Court holds that Plaintiffs have no duty to defend or indemnify Kiavi in the Tang Lawsuit.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

- 8

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for summary judgment, ECF No. 16; DENIES Defendant's motion for summary judgment, ECF No. 12; GRANTS Defendant's request for judicial notice; and DENIES AS MOOT Defendant's motion to strike. Judgment shall be entered in Plaintiffs' favor.

DATED this 25th day of April, 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge